NOT DESIGNATED FOR PUBLICATION

No. 122,911

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of BEATRICE SAUCEDA.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Opinion filed April 9, 2021. Reversed and remanded for further proceedings.

*William F. Dunn*, of Kansas City, for appellant Richard M. Palmerin.

*William W. Hutton*, of Kansas City, for appellee Robert Sauceda.

Before BRUNS, P.J., BUSER, J., and WALKER, S.J.

PER CURIAM: Richard M. Palmerin appeals from the district court's sustaining of an objection to his petition for issuance of letters of administration in the matter of the Estate of Beatrice Sauceda. On appeal, Palmerin presents three issues. First, whether a creditor may petition for issuance of letters of administration. Second, whether a creditor must attach or exhibit his or her claim in the petition for issuance of letters of administration. Third, whether a creditor must file his or her claim within six months of the date of death. For the reasons stated in this opinion, we reverse the district court's ruling on the objection to his petition for issuance and remand this matter to the district court for further proceedings.

1

FACTS

Prior to the death of Beatrice Sauceda, Palmerin held a power of attorney to act on her behalf. Although it is unclear from the record on appeal under what authority he did so, Palmerin continued to assist with Beatrice's financial affairs after her death on April 24, 2019. In particular, it appears that he assisted in arranging Beatrice's funeral and may have incurred expenses in the process. It also appears from the record that Beatrice died intestate.

On October 24, 2019, Palmerin filed a verified "Petition for Issuance of Letters of Administration" for Beatrice's estate. In his petition, Palmerin alleged:

> "That he has an interest in decedent's estate as a creditor of the deceased; that, in addition, he handled her affairs pursuant to a power of attorney and took care of her in other ways; he has taken steps to ensure that her nonprobate assets passed pursuant to decedent's wishes and desires to follow up with her probate assets. Petitioner is concerned about tangible personal property that has been removed from the decedent's residence and desires to conserve and protect such property for the decedent's heirs."

However, Palmerin did not specify the nature or amount of the expenses that he had allegedly incurred on behalf of Beatrice's estate.

On October 31, 2019, a notice to creditors was published in the Wyandotte Echo. A few weeks later, Beatrice's nephew—Robert Sauceda—filed written defenses and an objection to Palmerin's petition for issuance of letters of administration. Although there is very little information about it in the record on appeal, it also appears that there was a second probate case opened for the administration of Beatrice's estate. It also appears that the second probate case may still be pending in Wyandotte County District Court.

2

Following a hearing, the district court issued a memorandum decision on January 21, 2020, in which it sustained Robert Sauceda's objection to Palmerin's petition for issuance of letters of administration. Specifically, the district court found that "Palmerin filed for administration but did not exhibit the creditor's demand in the manner and within the time prescribed by [K.S.A.] 59-2239. No demand is contained in the petition and or in a separate claim form." Moreover, the district court concluded that "Palmerin is not a creditor and therefore cannot be granted administration pursuant to [K.S.A.] 59-705(2)."

On January 29, 2020, Palmerin filed a motion to alter or amend the judgment. In addition, on February 29, 2020, he filed a "Petition for Allowance and Classification of Demand." Subsequently, on April 6, 2020, the district court denied Palmerin's motion to alter or amend. Thereafter, on May 4, 2020, Palmerin filed a notice of appeal.

ANALYSIS

As his first issue, Palmerin contends that a creditor may petition for the issuance of letters of administration. Under K.S.A. 59-2221, any person interested in the estate may petition for administration after the decedent's death. In his brief, Robert Sauceda does not dispute that any person—including a creditor—may petition for administration if they have an interest the estate. Furthermore, K.S.A. 59-2221 expressly states that "[a]ny person interested in the estate, after the death of the testator or intestate, may petition for the probate of his or her will or for administration."

Robert points out in his brief that the "next of kin" of the decedent has priority over a creditor in administering an estate under K.S.A. 59-705. He also indicates that he "is willing to accept and is suitable under law to serve as administrator" of Beatrice's estate. Palmerin does not disagree and simply states in his brief that "the court, in its discretion, may appoint a creditor or someone chosen by it" to serve as administrator. Thus, there appears to be no real dispute between the parties on this issue and we

3

conclude that a creditor may petition for administration under the plain language of K.S.A. 59-2221 and that the priority for appointing an administrator is as it is set out in K.S.A. 59-705.

Next, Palmerin contends that he satisfied all of the requirements in filing his petition for issuance of letters of administration in this case. In response, Robert contends that "a creditor must provide more than simply stating they are a creditor in their petition for administration." Both parties agree that this issue involves a question of law since it requires us to interpret one or more statutes. As such, our review over this issue is unlimited. In interpreting a statute, we begin by attempting to determine the intent of the legislature based on the plain language of the statute. *In re Estate of Taylor*, 312 Kan. __, 479 P.3d 476, 478 (2021), citing *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

K.S.A. 59-2202 provides:

"Every petition in a probate proceeding shall state: (1) The name, residence, and address of the petitioner; (2) the interest of the petitioner and his or her right to apply to the court; (3) the jurisdictional facts; (4) the facts, in ordinary and concise language, showing that the petitioner is entitled to the relief sought; and (5) a prayer for relief."

In addition, K.S.A. 59-2219 provides:

"A petition for administration shall state: (1) The name, residence, and date and place of death, of the decedent; (2) the names, ages, residences, and addresses of the heirs of the decedent so far as known or can with reasonable diligence be ascertained; (3) the general character and probable value of the real and personal property; (4) the name, residence and address of the person for whom letters are prayed; and (5) whether administration is sought under the Kansas simplified estates act, and if such administration is sought, one or more reasons for seeking administration under the Kansas simplified estates act."

4

Upon review of the petition for issuance of letters of administration filed by Palmerin in light of these statutes, we find that he adequately set forth the required information. Although Palmerin was required by K.S.A. 59-2202 to state "the interest of the petitioner and his or her right to apply to the court," neither statute requires that a creditor specifically set forth his or her demand in the petition for issuance of letters of administration. As indicated above, Palmerin represented in his verified petition that he has an interest in Beatrice's estate as a creditor, that he handled her affairs pursuant to a power of attorney, that he took care of her, that he had taken steps to ensure that her nonprobate assets were passed pursuant to Beatrice's wishes, and that he is concerned about personal property belonging to the Estate being removed from Beatrice's former residence.

Although we take no position regarding whether Palmerin should ultimately prevail on his claim against Beatrice's estate, we find that the information set for in his petition was sufficient to comply with the requirements of K.S.A. 59-2202 and K.S.A. 59-2219. We also find that Palmerin's petition for issuance of letters of administration was timely filed. Similarly, we find that Palmerin's demand was timely filed.

"The nonclaim statute, K.S.A. 59-2239, broadly encompasses all demands against an estate." *Nelson v. Nelson*, 288 Kan. 570, Syl. ¶ 16, 205 P.3d 715 (2009). It imposes "a special statute of limitations governing claims against a decedent's estate, and it operates as a complete bar to all demands against a decedent's estate that are not timely filed." *Nelson*, 288 Kan. 570, Syl. ¶ 18. Other than an exception for tort claims, the nonclaim statute bars any claim against the estate if a petition for administration is not filed within six months of death. K.S.A. 59-2239(1).

As the parties recognize, under K.S.A. 59-2239(1), a petition for administration must be filed within six months from the decedent's death. The statute also provides that a creditor has "four months from the date of first publication of notice under K.S.A. 59-

5

2236" to file a demand against the estate. As this court found in the case of *In re Estate of Lindskog*, No. 118,386, 2019 WL 2237247, at *6 (Kan. App. 2019) (unpublished opinion), "for a creditor to have a valid claim against an estate, *both* conditions must be satisfied. First, *a petition for administration must be filed within six months from the decedent's death*. Second, *the claim must be timely brought [within four months] after notice was provided.*" (Emphases added.)

Although Robert Sauceda argues that Palmerin failed to meet both statutory deadlines, a review of the record leads us to a different conclusion. It is undisputed that Beatrice died on April 24, 2019, and that Palmerin filed his petition for issuance of letters of administration of her estate on October 24, 2019. Furthermore, it is undisputed that the notice to creditors was published on October 31, 2019, and that Palmerin filed his demand on February 29, 2020.

Even though the Kansas Probate Code does not include a separate provision for calculating the time periods set forth in K.S.A. 55-2239(1), we find guidance in the Kansas Rules of Civil Procedure. Specifically, we note that K.S.A. 2020 Supp. 60-206(a) provides:

> "*The following provisions apply in computing any time period specified* in this chapter, in any local rule or court order or *in any statute* or administrative rule or regulation *that does not specify a method of computing time*.
>
> (1) *Period stated in days or a longer unit*. When the period is stated in days or a longer unit of time:
>
> (A) Exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays and legal holidays; and

(C) *include the last day of the period, but if the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.*" (Emphases added.)

Applying the principles set forth in K.S.A. 2020 Supp. 60-206(a) to the time periods set forth in K.S.A. 59-2239(1), we find that Palmerin filed the petition for the issuance of letters of administration within six months of Beatrice's death and that he filed his demand within four months from the date of the first notice published pursuant to K.S.A. 59-2236. See *Dunlap v. Nielson*, Case No. 16-CV-2400-JAR-TJJ, 2018 WL 276766, at *5, *7, n. 43 (D. Kan. 2018) (applying K.S.A. 60-206 to interpret the "four month" deadline for filing a creditor demand under the Kansas nonclaim statute as extending from June 2, 2016 until October 3, 2016, when also factoring in that October 2 was a Sunday). As a result, based on our review of the record on appeal, we conclude that both were timely filed.

In summary, we find that a creditor—like any other interested person—is authorized to file a petition for issuance of letters of administration under K.S.A. 59-2221. Likewise, we find that a creditor is not required to contemporaneously file a demand or claim against the estate with a petition for issuance of letters of administration. Rather, a creditor has four months after the publication of notice to creditors to file a claim against the estate under the provisions of K.S.A. 59-2239(1). In addition, we find that Palmerin timely filed his petition for issuance of letters of administration within six months following Beatrice's death and timely filed his demand or claim against the estate within four months after the first publication of notice.

Finally, we take no position regarding Palmerin's request to be appointed administrator of Beatrice's estate nor regarding the validity of his demand or claim against the estate. Further, we take no position on how the district court may want to handle the claims asserted in this probate action in light of the companion probate action

7

that appears to still be pending before the district court. Accordingly, we remand this case for further proceedings.

Reversed and remanded for further proceedings.